# Exhibit B

UNIT: ECS#103(G)

DATE COMPLETED:



PRIVACY ACT STATEMENT

Solicitation of this information is authorized by 40 U.S.C. 471 and 5 CFR Part 930 Subpart A, which require OPM to regulate Federal employees use of Government-Owned Leased motor vehicles. Executive Order 9397 authorized agencies to use the Social Security Number (SSN) and other data provided is used primarily by the National Drivers Register Service to check your driving record. Other possible uses include disclosure to former employers or law agencies to obtain additional related information. Furnishing your SSN as well as the other data is voluntary. However, failure to provide any of the data requested may result in your not being issued a U.S. Government Motor Vehicle Operator's Identification Card. When driving a motor vehicle is a prerequisite to employment, you may not be able to obtain/retain employment without such a card.

DESTROY UPON EXPIRATION

0001253

# Position Description

**PD#:** DE10547                                              **Replaces PD#:**

**Sequence#:** VARIES

## HEAVY MOBILE EQUIPMENT REPAIRER

### WG-5803-08

**Installation:** FORT MCCOY, WI                    **Major Command:** VARIES
**Region:** NORTH CENTRAL

**Citation 1:** OPM JGS HEAVY MOBILE EQUIP MECH, 5803, JAN 91

**PD Library PD:** NO
**COREDOC PD:** NO

**Classified By:** FT. MCCOY CPO
**Classified Date:** 09/01/1998

| | | |
|---|---|---|
| **FLSA:** NON-EXEMPT | **Drug Test Required:** VARIES | **DCIPS PD:** NO |
| **Career Program:** | **Financial Disclosure Required:** NO | **Acquisition Position:** NO |
| **Functional Code:** | **Requires Access to Firearms:** VARIES | **Interdisciplinary:** NO |
| **Competitive Area:** VARIES | **Position Sensitivity:** VARIES | **Target Grade/FPL:** 08 |
| **Competitive Level:** VARIES | **Emergency Essential:** VARIES | **Career Ladder PD:** YES |
| **Career Pos 1:** DE01T53 WG-5803-05 | | |

**PD Status:** VERIFIED

**Duties:**

**The duties of this position require no specific leadership training.**

MAJOR DUTIES

1. Performs maintenance, repairs and modifications on a variety of construction, industrial, combat, tactical and power generation of equipment. Equipment includes, but is not limited to, bulldozers, graders, tractors, trucks, APCs, tracked recovery vehicles, ambulances, generators and forklifts. Completes repairs by locating worn, dirty or improperly adjusted components. Replaces brakes, alternators, seals and shafts, starters, fuel pumps, wiring harnesses, sensors, water pumps and other comparable components. Cleans carburetors and distributors; makes idling adjustments; replaces and sets points and plugs; replaces wheel cylinders, mufflers, fuses, lights and voltage regulators. Completes repairs as indicated on work orders and tests to assure no further complications. May perform daily and other preventive maintenance checks and services on equipment while in the shop.
Approx. 50%

0001056

*Encl 2*

2. Performs minor bodywork, hammering out dents, welding, filing, sanding and replaces or repairs tailgates, floorboards, doors, glass components and fenders. Does touch up painting. Makes minor repairs to canvas and leather items.
Approx. 25%

3. Operates vehicles for the purpose of moving in and out of shop area and to evacuate items to support installation. Operates vehicles traveling to alternate work sites away from the shop.
Approx. 10%

4. Provides technical assistance to unit personnel on performance of operator and organizational maintenance procedures. Instruction usually provided as hands on training.
Approx. 15%

Supports the strength maintenance effort of the unit to which assigned and the USAR by responding to questions concerning the USAR and referring individuals interested in the Reserve appropriate recruiting and/or reenlistment authorities.

Performs other duties as assigned.

SKILLS AND KNOWLEDGE

Must have a working knowledge of how and where a variety of parts and components are installed, repaired or replaced. Must be able to interpret Technical Manuals (TMs) to make repairs in accordance with prescribed applications. Skill in the use of common hand tools and a variety of test equipment is required. Must possess a basic understanding of mechanical, electrical and hydraulic theory which applies to heavy duty equipment. Skill to replace, fit, install and make adjustments, such as performing engine tune-ups, timing distributors and adjusting brakes.

RESPONSIBILITY

Works under the direction of a higher graded worker, the shop foreman or leader. On routine assignments, work is performed independently. Receives assignments in the form of work orders that generally outline what repairs are needed. Obtains a variety of parts by looking up replacement information or by comparing samples. Refers problems to higher graded shop personnel. Work is subject to spot-check in progress and is inspected upon completion.

PHYSICAL EFFORT

May be required to work in tiring or uncomfortable positions for long periods. Work frequently requires climbing on top of equipment or crawling under equipment to work on various components. Repairer will frequently have to bend, reach, stretch and crouch. Work is strenuous, requiring the lifting and carrying of items weighing up to 40 pounds. Repairer will also push, pull and turn heavy parts and equipment. Repairer will move heavier items with assistance of other workers.

WORKING CONDITIONS

Works inside and outside where the incumbent is exposed to drafts, dirt, grease and vehicle fumes. Repairer is exposed to some inclement weather such as rain, snow, cold and freezing temperatures; and may be required to work in mud and wet or icy areas when outdoors. Subject to burns, scrapes, cuts, bruises, shocks and strains.

Duties of this position require the incumbent to obtain and to retain a valid State Commercial Drivers License to operate vehicle exceeding 26,000 pounds gross weight rating; vehicles with a towed unit with a weight rating of over 10,000 pounds; vehicles used to transport 15 or more

0001057

passengers; and/or any vehicle on which placards are required per 49 CFR,

Part 172, Subpart F, used to transport hazardous materials.

Working conditions have been considered in the evaluation of this position.

Title and Grade are established in accordance with standards and guides referred to in Item 4. These reference materials are available for your review in the Directorate of Human Resource Management.

NOTE: Assignment to duties other than those described above for a period in excess of 30 days constitutes a misassignment and must be corrected immediately by submission of a Standard Form 52 to detail the employee to those duties.

**Evaluation:**

Not Listed

0001058

DEPARTMENT OF THE ARMY
U.S. TOTAL ARMY PERSONNEL COMMAND
ALEXANDRIA, VA



Reply to
Attention of:

TAPD-PDB                                    25 Feb 97

ORDERS D39-1

MCKINLEY EVELYN L.    SGT      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    Det 1, 298th Trans Co,
206 Park Ave, Oil City, PA 16301-2092

You are discharged from component shown.

Authority: AR 635-40
Effective Date: 18 Mar 97
Component: USAR
Movement Designator Code: Not Applicable
Additional instructions:
(a) You are authorized disability severance pay in grade of SGT based on 04
Year(s), 01 Month(s), 19 Day(s) service as computed under section 1208, Title
10, United States Code (10 USC 1208) provided you have completed at least six
months active duty.
(b) Percentage of disability: 10
(c) Member of an armed force on 24 Sep 75: NO
(d) The disability resulted from a combat-related injury: NO
Format: 500

BY ORDER OF THE SECRETARY OF THE ARMY:

I. M. Baker, DAC
I.M. BAKER
Acting Chief, Physical
Disability Branch

DISTRIBUTION:
CDR, Det 1, 298th Trans Co
OFFICE COPY

DEPOSITION
EXHIBIT
McKinley 2
11/18/05 JCr

**Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation**

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

SOH/RCAS
2001-00282

**Employee:** Please complete all boxes 1 - 15 below. Do not complete shaded areas.
**Witness:** Complete bottom section 16.
**Employing Agency (Supervisor or Compensation Specialist):** Complete shaded boxes a, b, and c.

| 1. Name of employee (Last, First, Middle) | 2. Social Security Number |
|---|---|
| McKinley Evelyn L. | 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 |

| 3. Date of birth Mo. Day Yr. | 4. Sex | 5. Home telephone | 6. Grade as of date of injury |
|---|---|---|---|
| 01/10/61 | ☐ Male ☒ Female | (814) 425-3352 | Level WS 8 Step 05 |

**7. Employee's home mailing address (include city, state, and zip code)**
31050 US Highway 322
Cochranton, PA. 16314

**8. Dependents**
☐ Wife, Husband
☒ Children under 18 years
☐ Other

**9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine)**
ECS#103 G Bay #7 Work Area

| 10. Date Injury occurred Mo. Day Yr. | Time | 11. Date of this notice Mo. Day Yr. | 12. Employee's occupation |
|---|---|---|---|
| 04/02/01 | 07:30 ☒ a.m. ☐ p.m. | 04/02/01 | Heavy Mobile Equipment Repairer |

**13. Cause of injury (Describe what happened and why)**
Replacing Batteries in a Trk Trac M931, When lifting Pulled Lower back, Pain in Lower Back

**14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg)**
Lower Back Pain

**15.** I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☐ a. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5594.

☐ b. Sick and/or Annual Leave

Signature of employee or person acting on his/her behalf— Evelyn L. McKinley

Any person who knowingly makes any false statement, misrepresentation, concealment of fact, or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled, is subject to felony criminal prosecution and may, under appropriate provisions, be punished by a fine or imprisonment, or both.

Have your supervisor complete the receipt attached to this form and return it to you for your records.

**End of Employee Report**

**16. Statement of witness (Describe what you saw, heard, or know about this injury)**

| Name of witness | Signature of witness | Date signed |
|---|---|---|
| Address | City | State | Zip |

006

00008.38

CA-1
(Rev. 3/86)

# LUIS L. GOMEZ, M.D.

505 POPLAR STREET
MEADVILLE. PA 16335

Phone (814)336-6068
Fax (814)337-0198

RE: EVELYN MCKINLEY
     DOB:1-10-61


TO WHOM IT MAY CONCERN:

     EVELYN WAS SEEN IN THE EMERGENCY ROOM AT MEADVILLE MEDICAL
CENTER ON 4-2-01 FOR BACK PAIN AFTER LIFTING BATTERIES AT WORK. SHE
WAS GIVEN FLEXERIL, A MUSCLE RELAXER, AND VICODIN FOR PAIN. SHE
FOLLOWED UP IN MY OFFICE ON 4-5-01 FOR MODERATE PAIN AND TENDERNESS
OF LOWER BACK. I ORDERED X-RAYS WHICH SHOWED OLD FRACTURE OF
SACRUM OTHERWISE NORMAL. I PRESCRIBED AN ANTIINFLAMMATORY,
MUSCLE RELAXER, AND PAIN MEDICATION. EVELYN WAS RECHECKED IN MY
OFFICE ON 4-16-01.BACK PAIN SLIGHTLY IMPROVED. I ORDERED AN MRI WHICH
SHOWED A LARGE CENTRAL DISC HERNIATION AT L4-5 WHICH MARKEDLY
DEFORMS THE ANTERIOR SURFACE OF THE THECAL SAC. IT ALSO SHOWED
MINIMAL LIGAMENTUM FLAVUM HYPERTROPHY WHICH CONTRIBUTE TO
SIGNIFICANT SPINAL STENOSIS AT THIS LEVEL. THE EXITING NERVE ROOTS
APPEAR TO HAVE LEFT THE REGION OT THE THECAL SAC AT THE SITE OF THE
HERNIATION . THE MRI ALSO SHOWED MINIMAL CENTRAL DISC HERNIATION
AT THE L5-S1. I HAVE REFERRED HER TO DR. BRAIN DALTON. A NEUROSURGEON.
HER APPOINTMENT IS SCHEDULED FOR MAY 22. 2001. I HAVE ADVISED HER TO
STAY OFF WORK UNTIL THIS CONSULT.
     ANY FURTHER QUESTIONS REGARDING THIS MATTER PLEASE CONTACT
MY OFFICE.


SINCERELY.


LUIS L. GOMEZ, M.D.

0000837

Name _Evelyn McKinley_____

Diagnosis _Lumber strain_____

_____ Return to regular duty     Date _____ to _____
__✓__ Unable to work *rest of today*     Date _____ to _____
__✓ Return to modified duty     Date 4/3/01 to 4/9/01

|                      | None | Some | Frequent |
|----------------------|------|------|----------|
| Bend (at waist)      | ____ | ✓    | ____     |
| Squat                | ____ | ✓    | ____     |
| Push, Pull           | ____ | ✓    | ____     |
| Twist                | ____ | ✓    | ____     |
| Kneel, Crawl         | ____ | ✓    | ____     |
| Climb                | ____ | ✓    | ____     |
| Reach above Shoulder | ____ | ____ | ✓        |

Capacity to lift/carry:

_____ 10 pounds maximum (sedentary)
__✓__ 20 pounds maximum (light)
_____ 50 pounds maximum (medium)
_____ over 50 pounds (heavy)

Follow-up visit scheduled _Needs to be rechecked in 1 week_

Additional Comments_____
_____
_____
_____

Physician's Signature _C Wazama_____ Date_4/2/01_



**MEADVILLE MEDICAL CENTER**
751 Liberty Street, Meadville, PA 16335  (814)333-5000

**OCCUPATIONAL MEDICINE**
**PHYSICAL CAPABILITIES**
**RETURN TO WORK**

0000856

White - MR
Yellow - Patient
Form# 60420 (11/98)

008

PATIENT NAME: MCKINLEY,EVELYN L
       UNIT NO: M0323112

EXAMS: 000336688 LUMBAR W/O CONT

HISTORY:  back pain, inj

MRI EXAMINATION OF THE LUMBAR SPINE:

Axial and sagittal imaging with T1 and T2 sequences were obtained of
the lumbosacral spine demonstrating a hemangioma in the posterior
superior aspect of L1 vertebra.  The remaining vertebral bodies are
unremarkable with normal marrow signal throughout with normal
vertebral body height and width.  There is a loss of signal on the T2
sequences at the L4-5 level consistent with a desiccated disc.  The
remaining intervertebral disc spaces are of normal signal and normal
height.

At the L3-4 intervertebral disc space there is no evidence of disc
herniation or bulge.  There is minimal ligamentum flavum hypertrophy
resulting in a minimal amount of spinal stenosis.  The articulating
facets and neural foramina are normal.

The L4-5 intervertebral disc space is remarkable for a large central
disc herniation which deforms the anterior aspect of the thecal sac.
There is a minimal amount of ligamentum flavum hypertrophy at this
level which results in spinal stenosis.  The neural foramina and
articulating facets at this level are normal.

The L5-S1 level is remarkable for a central disc herniation which
impacts upon and minimally deforms the anterior surface of the thecal
sac at this level.  The articulating facets and neural foramina are
normal.  There is no ligamentum flavum hypertrophy at this level and
no resulting spinal stenosis.

*No Jll.*

IMPRESSION:
1.   MINIMAL SPINAL STENOSIS AT THE L3-4 LEVEL.  NO HERNIATED OR
BULGING DISC AT THIS LEVEL.
2.   LARGE CENTRAL DISC HERNIATION AT THE L4-5 LEVEL WHICH MARKEDLY
DEFORMS THE ANTERIOR SURFACE OF THE THECAL SAC.  THERE IS ALSO MINIMAL
LIGAMENTUM FLAVUM HYPERTROPHY AT THIS LEVEL.  THESE FACTORS CONTRIBUTE
TO A SIGNIFICANT SPINAL STENOSIS AT THIS LEVEL.  THE NEURAL FORAMINA
ARE UNREMARKABLE AT THIS LEVEL.  THE EXITING NERVE ROOTS APPEAR TO
HAVE LEFT THE REGION OF THE THECAL SAC AT THE SITE OF THE HERNIATION.
3.   MINIMAL CENTRAL DISC HERNIATION AT THE L5-S1 LEVEL WITH NO EFFECT
UPON THE EXITING NERVE ROOTS AT THIS LEVEL AND NO EVIDENCE OF
LIGAMENTUM FLAVUM HYPERTROPHY.  THERE IS NO SPINAL STENOSIS AT THE
L5-S1 LEVEL.

PAGE 1                         RADIOLOGY COPY                    (CONTINUED)



009

**MEADVILLE MEDICAL CENTER**
MEADVILLE, PA.

**MEDICAL IMAGING DEPARTMENT**

NAME: MCKINLEY,EVELYN L
PHYS: Gomez,Luis L. M.D.
DOB: 01/10/1961 AGE: 40       SEX: F
ACCT NO: V01557361 LOC: LRAD
EXAM DATE: 04/27/2001 STATUS: REG CLI
RADIOLOGY NO: 0121726

```
PATIENT NAME: MCKINLEY,EVELYN L
      UNIT NO: M0323112

EXAMS: 000336688 LUMBAR W/O CONT
<Continued>

ICD CODE: 724.2


                              ** REPORT SIGNATURE ON FILE 04/27/2001
                              REPORTED BY: Leon S. Serchuk, M.D.
                              SIGNED BY:   Serchuk,Leon S.
```

```
CC: Gomez,Luis L.

REPORTED BY: Leon S. Serchuk, M.D.   SIGNED BY: Serchuk,Leon S.
TRANSCRIBED DATE/TIME: 04/27/2001 (1208)   TRANSCRIPTIONIST: RAD.KF1
SIGNED DATE/TIME: 04/27/2001 (1548)
PRINTED DATE/TIME: 04/27/2001 (1555)
```

PAGE 2                          RADIOLOGY COPY

0010



**MEADVILLE MEDICAL CENTER**
MEADVILLE, PA.

**MEDICAL IMAGING DEPARTMENT**

```
NAME: MCKINLEY,EVELYN L
PHYS: Gomez,Luis L. M.D.
DOB: 01/10/1961 AGE: 40      SEX: F
ACCT NO: V01557361 LOC: LRAD
EXAM DATE: 04/27/2001 STATUS: REG CLI
RADIOLOGY NO: 0121726
```

# TRISTATE NEUROLOGICAL SURGEONS
Modern Tool Square Building, Suite 206
333 State Street, Erie, PA 16507
814-459-1013

**Brian E. Dalton, M.D.**
*Diplomat of the*
*American Board of Neurological Surgeons*

**Steven A. Gilman, M.D.**
*Diplomat of the*
*American Board of Neurological Surgeons*

**Daniel V. Loesch, M.D.**
*Board Eligible*
*American Board of Neurological Surgeons*

May 22, 2001

Anderson Physical Therapy
16332 Conneaut Lake Road
Meadville, PA 16335

**RE: EVELYN MC KINLEY**

Dear Sirs:

Evelyn McKinley has a diagnosis of a herniated lumbar disc (722.10), at the L4-5 level. Physical therapy is medically necessary in this case.

If you need any further information, please don't hesitate to contact me.

Sincerely,

Brian E. Dalton, M.D.
BED/mla

0011

## DAVID A. VERMEIRE, M.D.

*Board Certified in Orthopaedic Surgery*
*2213 Shenango Valley Freeway*
*Hermitage, PA 16148-2584*
*Phone: (724) 342-6200*
*Fax: (724) 981-8181*

October 19, 2001

QTC Medical Group
Bay Brook Medical Service
1320 S. Valley Vista Drive
Diamond Bar, CA  91765

RE:  Evelyn McKinley
CLAIM#: 03-0259445

Dear Sirs:

This lady is seen and examined on 10/18/01 for purposes of Independent Medical Evaluation upon request of QTC Medical Group. She complains of severe, constant pain in her lower back. She attributes these symptoms to a work-related injury which occurred on 4/2/01. On that date she was working for the Department of the Army as a heavy mobile equipment repairer and was placing 50 lb. batteries into a truck. In the process of lifting one of the batteries she experienced sudden onset of severe pain across the lower back. She was taken by her work leader to the Meadville Medical Center where she was seen and examined by an emergency room physician. She was placed on Flexeril and Vicodin and was returned to work the following day in a restricted duty position. Ms. McKinley continued to have severe pain in the lower back. On 4/5/01 she consulted Dr. Luis Gomez her family doctor who advised her to remain off work completely. He ordered X-rays of the lumbar spine, pelvis, sacrum, and coccyx. When her symptoms persisted she returned to see Dr. Gomez on 4/16/01 at which time he ordered and MRI of the lumbar spine. The MRI was performed on 4/27/01 at the Meadville Medical Center and showed evidence of a disc herniation at L4-5 with a small central disc herniation at L5-S1. Subsequently she was seen in consultation by Brian Dalton, M.D. a Neurosurgeon in Meadville, PA who examined her on 5/22/01. At that time in addition to the low-back pain, she was complaining of some paresthesias in the right foot. Dr. Dalton recommended conservative treatment and stated that surgery would be the last option. She was placed on Celebrex and Robaxin. There was a delay in receiving approval for her physical therapy treatments, but therapy was finally started on or about 8/22/01 and was continued three times a week for four weeks. At the present time Ms. McKinley is receiving no physical therapy treatments and is taking Celebrex 200 mg. daily and Robaxin 750 mg. two tablets at bedtime. She states that she continues to have constant pain in the lower back with radiation into the region of the rectum. Her pain is aggravated by any and all physical activities including prolonged standing, such as standing at the kitchen sink and doing dishes as well as any bending or lifting. She has noticed a tendency to have urinary frequency and urgency since her injury.

224                                0012

Page 2
RE: Evelyn McKinley
CLAIM#: 03-0259445
October 19, 2001

She has also had nocturia, but believes that this started prior to her injury. She has not had any recent true radicular pain into the lower extremities.

**PAST MEDICAL HISTORY:** 1993 she had an anterior cervical fusion with autograft performed at Bethesda Naval Medical Center. The injury to her neck was sustained while serving in Saudi Arabia during Desert Storm. 1995 tubal ligation. 1995 excision of a basal cell carcinoma of the skin from the left cheek. 1995 she was found to have a heart murmur, carpal tunnel surgery bilaterally, and tennis elbow problems in the right elbow requiring Cortisone injections.

**SOCIAL HISTORY:** This lady has worked for the Department of the Army for a number of years. She does not smoke and drinks alcoholic beverages only on rare occasion. She denies any problems with her back prior to her injury of 4/2/01.

**EXAMINATION:** This 40 year old right-handed white female is 61 inches tall and weighs 150 lbs. Blood pressure is 120/70. She ambulates without difficulty. She is able to stand erect with pelvis and shoulders level. There is good alignment of her spine. She does have tenderness to palpation over the lower lumbar spine and in the paravertebral muscles bilaterally. Motion of her back reveals 60 degrees of flexion with moderate limitation in all other directions. Straight leg raising is negative bilaterally. On manual testing she appears to have good strength throughout all of the muscle groups in the lower extremities with the strength being equal bilaterally. Reflexes at the knees are 2+ bilaterally. Ankle jerks are also 2+ bilaterally.

Today I have had the opportunity to review the MRI of the lumbar spine performed at the Meadville Medical Center on 4/27/01. There is rather marked decrease in the signal intensity of the L4-5 intervertebral disc and there is also noted to be mild narrowing of the intervertebral disc space at L4-5. Especially noticed at L4-5 is a large disc herniation posteriorly which is paracentral slightly to the right. This causes a significant impingement on the dural sac. Also noted, there is a very small central disc herniation at L5-S1. It is also to be noted that the large disc herniation at L4-5 results in considerable spinal stenosis at that level.

**OPINION:** It is my opinion that Ms. Evelyn McKinley continues to suffer from a herniation of the L4-5 intervertebral disc which is paracentral slightly to the right as a direct result of her work-related injury of 4/2/01. It is my recommendation that she continue with conservative treatment consisting of physical therapy treatments. It is possible that if she does not respond to limited activities and physical therapy treatments she may require epidural injections. As a last resort she may also require partial laminectomy and discectomy at the L4-5 level. At the present time she is capable of employment only in a sedentary work capacity.

225                              0013

*Page 3*
*RE: Evelyn McKinley*
*CLAIM#: 03-0259445*
*October 19, 2001*

*I trust that this information will be helpful to you.*

Sincerely,

David A. Vermeire, M.D.

DAV:jlb

0014

226

**Work Capacity Evaluation**
**Musculoskeletal Conditions**

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs



| Injured Worker's Name *(First, middle, last)* | OWCP No. | OMB No.: 1215-010: |
|---|---|---|
| Evelyn McKinley | | Expires:    10-31-9! |

Please answer the questions below concerning your patient (named above) for whom the Office of Workers' Compensation Programs (OWCP) has accepted the following conditions:

1. In many employing establishments, light duty can be made available.

   a. Is there any reason that this person cannot WORK for 8 hours per workday?  If so, please provide medical reasons to support your opinion.    *no*

   b. If less than 8 hours per workday, how many hours can he/she work? _____

   c. Do you anticipate an increase in the number of hours per day this person will be able to work?   ☐ Yes   ☐ No
   If yes, when will this person achieve an 8 hour workday? _____
   If no, please provide medical reasons to support your opinion.

2. Please indicate whether this person has any LIMITATION in the activity listed and how many hours this person can perform each activity.  If there are limitations in lifting, pulling and/or pushing, please provide the maximum number of pounds that can be handled by this person.

| Activity | Limitation | # of Hours Able to Work | Activity | Limitation | # of Hours Able to Work | Lbs. |
|---|---|---|---|---|---|---|
| Sitting | ✓ Yes | 5 | Pushing | ✓ Yes | none | |
| Walking | ✓ Yes | } total 3 | Pulling | ✓ Yes | none | |
| Standing | ✓ Yes | | Lifting | ✓ Yes | 5 | 10 |
| Reaching | __ Yes | | Squatting | ✓ Yes | none | |
| Reaching above Shoulder | __ Yes | | Kneeling | ✓ Yes | none | |
| Twisting | ✓ Yes | 3 | Climbing | ✓ Yes | none | |
| Operating a Motor Vehicle | ✓ Yes | none | | | | |
| Repetitive Movements: | | | Breaks: | | | |
| Wrists | __ Yes | | Duration | | Frequency | |
| Elbow | __ Yes | | Duration | | Frequency | |

3. Are there OTHER medical facts, situational factors, equipment or devices which need to be considered in the identification of a position for this person?  If so, please explain.

| 4. Physician's Name *(Type or print)* | 5. Telephone |
|---|---|
| 6. Signature    *W Vermeire M.D* | 7. Date    10-18-01 |

The information requested will assist OWCP in determining eligibility to benefits and is required to obtain or retain a benefit.
(5 USC 8101 et. seq.)

**Public Burden Statement**

We estimate that it will take an average of 15 minutes per response to complete this information collection, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Workers' Compensation Programs. U.S. Department of Labor, Room S-3229, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

DO *NOT* SEND THE COMPLETED FORM TO THE OFFICE SHOWN ABOVE.

Form OWCP-5c
Rev July 1997

Evelyn McKinley
D/B  01/10/61
SS#: 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
File: 03-259445

The narrative report from David Vermeire, MD based on his second opinion examination on October 18, 2001 has been reviewed.  I do _*concur*_ do not _____ concur with his opinions.

If you do not concur, please explain_____

_____ _Pt Needs to Change Routine_
_____ _as required for Comfort_
_____ _No Stool Soft_

_____          _____
**BRIAN DALTON, MD**                      Date

RE: Evelyn McKinley
DOB: 01/10/61
SS: #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
File #03-259445

1)   In your medical opinion, should the current physical restrictions – sedentary –
     eight (8) hours per day continue indefinitely?
     Yes ✓     No _____

2)   Do you anticipate an eventual increase in work duties?   Yes ✓     No _____

3)   Do you anticipate Ms. McKinley will eventually resume her full-time, full-duty,
     pre-injury position as a Heavy Mobile Equipment Repairer?
     Yes _____     No ✓   (probably never)

4)   What is the anticipated date for maximum medical improvement?
     Date _____ unknown _____

5)   A job description of Ms. McKinley's current limited duty assignment – sedentary,
     is enclosed for your review. Please review and sign the enclosed job description.

_____          _2/21/02_
Brian Dalton, MD                            Date

0017

055





**DEPARTMENT OF THE ARMY**
HEADQUARTERS, FORT McCOY
FORT McCOY, WISCONSIN 54656-5150

November 9, 2001

REPLY TO
ATTENTION OF

Directorate of Human Resources
   and Community Services

Evelyn L. McKinley
Rural Route 1, Box 123T
Utica, PA  16362

Dear Ms. McKinley:

This letter is to advise you of the availability of light duty.  Your Heavy Mobile Equipment Repairer, WG-8, position has been modified to accommodate your return to duty with limited duties and physical limitations as follows:

DUTIES:  You will answer incoming telephone calls taking messages and referring caller to appropriate person.  You will also prepare DD Form 314s, envelopes for maintenance requests, and other documentation as required by ECS 103.  You will also be responsible for filing documentation as required.

WORKING CONDITIONS: Work is performed inside in an office/shop atmosphere.

PHYSICAL REQUIREMENTS: Intermittent sitting, walking, standing, twisting.  You will also be allowed to lift intermittently items weighing 10 pounds or less.

This position is available immediately working 5 days per week, 8 hrs per day.  You are expected to report for work to the 99th RSC, ECS 103, Conneaut Lake, PA on November 19, 2001 at 0700 hours.  Your pay will continue at $18.84 per hour.

If you decide to accept this offer please report back to work on November 19, 2001.  If your decision is to decline this offer and not report back to work please complete the enclosed declination statement and return it to this office no later than November 16, 2001.  Failure to notify this office of your decision will constitute a rejection of a re-employment offer and may serve as a legal basis for OWCP to terminate compensation benefits.

A0 3- 0259445

    If you have any questions regarding your workers'
compensation benefits or this job offer, please contact Sandy
Olson at (608) 388-5250.


                        Sincerely,


                        *Dawn E Pastick*
                        Dawn E. Pastick
                        Personnel Management Specialist


Enclosure
CF:   OWCP
      99th RSC

## TRISTATE NEUROLOGICAL SURGEONS
Modern Tool Square Building, Suite 206
333 State Street, Erie, PA 16507
814-459-1013

Brian E. Dalton, M.D.
*Diplomat of the*
*American Board of Neurological Surgeons*

Steven A. Gilman, M.D.
*Diplomat of the*
*American Board of Neurological Surgeons*

Daniel V. Loesch, M.D.
*Diplomat of the*
*American Board of Neurological Surgeons*

November 29, 2001

Ms. Barbara Wolf
Health Insurance Claims Examiner
State Farm Mutual Insurance
100 State Farm Place
P.O. Box 8000
Ballston Spa, NY  12020-8000

**RE: EVELYN MC KINLEY**

Dear Ms. Wolf:

I am writing in regard to your request for information regarding Evelyn McKinley.  I don't believe that Mrs. McKinley has a permanent disability obviating her return to work.

Sincerely,

Brian E. Dalton, M.D.
BED/mla









## JOB DESCRIPTION
### RE:  Evelyn McKinley

**Company Name:**    Department of the Army   ECS #103G
**Address:**    6467 Mike Wood Blvd.
Conneaut Lake, PA  16316
**Phone:**    814-382-2893
**Position:**    Sedentary-duty (Limited-duty assignment)
**Contact/Title:**    Albert Morrell
**Hours and Breaks:**    ½ hour lunch, 15 minute break in am & pm
**Salary:**    $18.84 an hour

**ESSENTIAL FUNCTIONS:**   Reviews and updates manuals, paints new numbers on manuals, using a can of spray paint and stencils.  Other clerical work – documentation, paperwork.

**NON-ESSENTIAL FUNCTIONS:**  Answer phone on wall in front of desk. (this task has been eliminated)

**ENVIRONMENT:**

| | |
|---|---|
| **Heated Work Area:** | Yes |
| **Air Conditioned Work Area:** | No |
| **Furniture Provided:** | Wide based chair with arm supports and lumbar support. |
| **Equipment or Machinery:** | Spray paint cans, stencils, manuals, paper, pencil |
| **Floor Surface:** | Cement |

**REMARKS:**  Manuals vary in weight, but can occasionally weigh up to and over 10 lbs. They are brought to Ms. McKinley's workstation by other employees.  Employee can change positions as desired.

| | | | | | |
|---|---|---|---|---|---|
| **Job Site Evaluation Done?** | Yes | X | No | **Date** | 12/18/01 |

**Person Completing Analysis:**    Robin Green, RN, MSN, CRRN, CCM
**Title:**    Rehabilitation Nurse
**Date:**    12/19/01

# JOB ANALYSIS
## POSITION:  Sedentary-duty (Limited-duty assignment)

## PHYSICAL REQUIREMENTS

**Body Movements – Amount of time spent each day:**
    Occasional    =    up to 33%
    Frequent    =    33 – 66%
    Constant    =    66 – 100%

| POSITION | OCCASIONAL | FREQUENT | CONSTANT |
|---|---|---|---|
| Sitting | Can change positions | | |
| Standing | Can change positions | | |
| Walking | Can change positions | | |
| Push/Pull | Moves manuals on desk | | |
| Overhead Reach | None | | |
| Forward Reach | X | | |
| Crawling | None | | |
| Trunk Twisting | None | | |
| Squatting | None | | |
| Kneeling | None | | |
| Bending | X | | |
| Crouching | None | | |
| Stair Climbing | None | | |
| Ladder Climbing | None | | |
| Foot Movement | None | | |
| Driving (type of vehicle) | None | | |
| Lifting | Max lbs.    10# | Max lbs. | Max lbs. |
| Carrying | Max lbs.    10# | Max lbs. | Max lbs. |

Comments_____ Job is fine _____

_____

_____

Date _3/21/02_    Job Approved _____

            Job Not Approved _____

0024

**OFFICE NOTE    11/06/2001**

**RE:  EVELYN MC KINLEY**

The patient follows up.  She has no significant change in her symptoms.  Her past medical history is unchanged per review of the patient health history form.

**DIAGNOSTICS:**  Diagnostics reveal a central disc with associated annular tear at the L4-5 level. On flexion/extension, there is mild posterior subluxation at L4 and L5.

**IMPRESSION:**  No significant change.

**PLAN:**   Continue conservative therapy.  Trial of epidural.

I filled out multiple papers today for the patient including a release to go to sedentary work.

Brian E. Dalton, M.D.
BED/mla

0025