```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EVELYN L. McKINLEY,              :   JURY TRIAL DEMANDED
                                 :
          Plaintiff,             :   Civil Action No. 04-222 E
                                 :
vs.                              :   Hon. Judge Sean J. McLaughlin
                                 :   Hon. Mag. Judge Susan
HONORABLE LES BROWNLEE,          :   Paradise Baxter
ACTING SECRETARY OF THE ARMY,    :
                                 :   Electronically Filed
          Defendant.             :
```

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
## OF UNDISPUTED MATERIAL FACTS

Plaintiff, Evelyn McKinley, by and through her undersigned counsel, files the following response to Defendant's Statement Of Undisputed Material Facts:

1.  With respect to Paragraph 1 of Defendant's Statement of Undisputed Material Facts, this averment is admitted.

2.  With regard to Defendant's Paragraph 2, this averment is admitted.

3.  With regard to Defendant's Paragraph 3, this averment is admitted.

4.  With regard to Defendant's Paragraph 4, this averment is admitted.

5.  With regard to Defendant's Paragraph 5, this averment is admitted.

6.  With regard to Defendant's Paragraph 6, this averment is admitted.

7.  With regard to Defendant's Paragraph 7, this averment is

admitted.

8. With regard to Defendant's Paragraph 8, this averment is admitted.

9. With regard to Defendant's Paragraph 9, this averment is admitted.

10. With regard to Defendant's Paragraph 10, this averment is admitted. By way of further response, Luis Gomez, M.D., Plaintiff's PCP, stated that, in addition to L4-L5 disc herniation, there is degeneration of these discs. (Gomez Dep. pp. 7, 9, 22-23[1]).

11. With regard to Defendant's Paragraph 11, this averment is admitted.

12. With regard to Defendant's Paragraph 12, this averment is admitted.

13. With regard to Defendant's Paragraph 13, this averment is admitted.

14. With regard to Defendant's Paragraph 14, this averment is admitted.

15. With regard to Defendant's Paragraph 15, this averment is admitted. By way of further response, Plaintiff's work area upon her return consisted of a table and chair placed in the repair bay where she had previously performed the duties of the Heavy Mobile Equipment Repairer (HMER) position. (McKinley Dep.

---

[1] True and correct copies of the relevant portions of the deposition transcript of Luis Gomez, M.D. are attached to the Appendix to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Appendix") as Exhibit 1.

pp. 55-56[2]). As a result of this placement, Plaintiff was exposed to the elements each time a vehicle was brought into or taken out of the maintenance area. *Id.*

16. With regard to Defendant's Paragraph 16, this averment is admitted.

17. With regard to Defendant's Paragraph 17, this averment is admitted.

18. With regard to Defendant's Paragraph 18, this averment is admitted.

19. With regard to Defendant's Paragraph 19, this averment is admitted.

20. With regard to Defendant's Paragraph 20, it is admitted that Ms. Green testified as stated. By way of further response, Plaintiff stated that after she had told Ms. Green that she had to get up to answer the phone, Mr. Morrell, who was then head of the ECS 103 facility, and Mr. Keener, who was then Maintenance Supervisor, yelled at Plaintiff for complaining. (McKinley Dep. pp. 57-58; Fairbanks Dep. pp. 61-62[3] (Keener's position at the time)). Specifically, Mr. Keener yelled at Plaintiff, "You'll never answer the phone. You got a problem answering the phone, you'll never answer the phone." (McKinley Dep. p. 57).

---

[2]True and correct copies of the relevant portions of the deposition transcript of Evelyn McKinley are attached to Plaintiff's Appendix as Exhibit 2.

[3]True and correct copies of the relevant portions of the deposition transcript of Arnold Fairbanks are attached to Plaintiff's Appendix as Exhibit 3.

Similarly, Mr. Morrell then yelled at her, stating, "I got two clerks to answer that phone. You won't answer it. I'm not putting a work order in to move that phone for you." *Id.* With respect to the manuals, although the Defendant provided assistance in pushing the cart onto which manuals were loaded, Plaintiff still had to load the cart with the manuals, a duty which required lifting more than 10lbs, bending and reaching. (McKinley Dep. pp. 58-60). Although Plaintiff complained about the continuing problems with duties related to the manuals, nothing further was done. (McKinley Dep. p. 60).

    21. With regard to Defendant's Paragraph 21, this averment is admitted.

    22. With regard to Defendant's Paragraph 22, this averment is admitted.

    23. With regard to Defendant's Paragraph 23, this averment is admitted.

    24. With regard to Defendant's Paragraph 24, this averment is admitted.

    25. With regard to Defendant's Paragraph 25, this averment is admitted. By way of further response, Plaintiff went to the Franklin Medical Center Emergency Room on May 13, 2002 and, from there, was referred to Dr. Welch, a neurosurgeon. (McKinley Dep. pp. 61-62).

    26. With regard to Defendant's Paragraph 26, it is admitted that Dr. Dalton's letter provides as stated.

27.   With regard to Defendant's Paragraph 27, this averment is admitted.

28.   With regard to Defendant's Paragraph 28, this averment is admitted.

29.   With regard to Defendant's Paragraph 29, this averment is admitted.

30.   With regard to Defendant's Paragraph 30, this averment is admitted in part and denied in part.  It is admitted that Plaintiff believed that she could have performed sedentary work during the period of May 23, 2002 through September 16, 2002.  It is denied that Plaintiff "chose" not to work.  To the contrary, Dr. Welch, rather than indicating that Plaintiff could work during this period, stated on a slip issued on May 23, 2002 that Plaintiff was not to return to work for six weeks, concurring with Dr. Gomez's slip of a week prior stating "no work until released".[4]  Dr. Gomez subsequently issued a Form CA-20 on July 12, 2002 stating that Plaintiff's period of total disability extended from May 14, 2002 to "unknown" and that Plaintiff had not been advised that she could return to work.[5]  A Form CA-20 issued by Dr. Gomez on August 19, 2002 indicates that this prognosis remained unchanged.[6]  The first time that a specific

---

[4] True and correct copies of Dr. Welch's May 23, 2002 slip and Dr. Gomez's May 16, 2002 slip are attached to Plaintiff's Appendix as Exhibit 4.

[5] A true and correct copy of the July 12, 2002 Form CA-20 is attached to Plaintiff's Appendix as Exhibit 5.

[6] A true and correct copy of the August 19, 2002 Form CA-20 is attached to Plaintiff's Appendix as Exhibit 6.

date was given authorizing Plaintiff to return to work, with limitations, was in Dr. Welch's post surgery March 5, 2003 letter, which released Plaintiff to a "part-time light-duty type job effective March 16, 2003."[7]

    31.  With regard to Defendant's Paragraph 31, this averment is admitted.

    32.  With regard to Defendant's Paragraph 32, this averment is admitted.

    33.  With regard to Defendant's Paragraph 33, this averment is admitted.

    34.  With regard to Defendant's Paragraph 34, this averment is admitted.

    35.  With regard to Defendant's Paragraph 35, this averment is admitted.  By way of further response, Plaintiff also testified that she is on morphine for the pain she continues to experience. (McKinley Dep. pp. 73-74).

    36.  With regard to Defendant's Paragraph 36, this averment is admitted in part and denied as stated with respect to the tasks of grocery shopping, household chores, laundry and vacuum use.  While Plaintiff did testify that she could perform these tasks, she qualified this testimony.  Specifically, Plaintiff stated that she wasn't able to buy many groceries due to the weight, that she was unable to do any yard work such that someone

---

[7] A true and correct copy of Dr. Welch's March 5, 2003 letter to Plaintiff is attached to Plaintiff's Appendix as Exhibit 7.

had to be hired to do it, that there was only minimal housework to do, that she does laundry more frequently with lighter loads because of the weight, that she now sorts laundry on a table so she doesn't have to bend over, that she is unable to dust or vacuum regularly, and that she doesn't let the garbage can fill up because of the weight. (McKinley Dep. pp. 70-75).

    37. With regard to Defendant's Paragraph 37, this averment is denied. Plaintiff stated at deposition that she does not require the use of a cane, back brace, or wheelchair. (McKinley Dep. p. 70).

    38. With regard to Defendant's Paragraph 38, this averment is admitted in part and denied as stated in part. It is denied that Plaintiff went "pumpkin picking" with her grandchild's preschool class. Rather, she accompanied the children on a field trip to a pumpkin farm. (McKinley Dep. p. 76). By way of further response, Plaintiff stated that she has only volunteered to assist the preschool class a few times in the past several years and that the primary tasks she performed were watching the children and doing such things as assisting them in buttoning their coats. (McKinley Dep. pp. 75-77).

    39. With regard to Defendant's Paragraph 39, this averment is admitted. By way of further response, Plaintiff testified that her daughter prepares meals for her grandchildren, that she is unable to bathe them, and that the youngest do not stay overnight so that she is not required to put them to bed.

(McKinley Dep. pp. 78-79). Plaintiff made it clear that when babysitting the tasks she performs are almost exclusively supervisory in nature. (McKinley Dep. p. 79).

40. With regard to Defendant's Paragraph 40, this averment is admitted.

41. With regard to Defendant's Paragraph 41, this averment is admitted. By way of further response, Dr. Gomez stated that Plaintiff's condition is moderate compared to individuals who have had to have surgery multiple times and cannot perform many tasks at all. (Gomez Dep. pp. 64-65). Dr. Gomez also stated that Plaintiff cannot do a lot of the things she likes to do and that she is substantially limited in her ability to walk, stand, sit, lift, perform manual tasks, and work. (Gomez Dep. pp. 44-45, 64-65).

42. With regard to Defendant's Paragraph 42, this averment is admitted.

43. With regard to Defendant's Paragraph 43, this averment is admitted. By way of further response, Plaintiff complied with this request, as is shown by Exhibit 5.

44. With regard to Defendant's Paragraph 44, this averment is admitted.

45. With regard to Defendant's Paragraph 45, this averment is admitted.

46. With regard to Defendant's Paragraph 46, this averment is denied. To the contrary, Ms. Green testified that, on one

occasion, she provided the information on Plaintiff's restrictions to Fort McCoy, the local agency, and the Department of Labor to determine if there was an alternate position, but that there was no response. (Green Dep. pp. 37-38, 43[8]). Shortly thereafter she was told to close the file. (Green Dep. p. 37). Based on the lack of response, she assumed that no positions were available. (Green Dep. pp. 37-38, 43).

47.   With regard to Defendant's Paragraph 47, this averment is admitted.

48.   With regard to Defendant's Paragraph 48, this averment is admitted.

49.   With regard to Defendant's Paragraph 49, it is admitted that the May 6, 2003 letter provides as stated.

50.   With regard to Defendant's Paragraph 50, this averment is admitted.

51.   With regard to Defendant's Paragraph 51, it is admitted that the January 6, 2004 letter provides as stated.

52.   With regard to Defendant's Paragraph 52, this averment is admitted.

53.   With regard to Defendant's Paragraph 53, this averment is denied.

54.   With regard to Defendant's Paragraph 54, this averment is admitted.

---

[8]True and correct copies of the relevant portions of the deposition transcript of Robin Green are attached to Plaintiff's Appendix as Exhibit 8.

55.  With regard to Defendant's Paragraph 55, this averment is denied.

56.  With regard to Defendant's Paragraph 56, this averment is admitted.

57.  With regard to Defendant's Paragraph 57, this averment is admitted.

58.  With regard to Defendant's Paragraph 58, this averment is admitted.

59.  With regard to Defendant's Paragraph 59, this averment is admitted.

60.  With regard to Defendant's Paragraph 60, this averment is admitted.

61.  With regard to Defendant's Paragraph 61, this averment is admitted.  By way of further response, Mr. Whetzel received higher pay than Plaintiff because he continued to be paid as a HMER after he returned to work from an accident that rendered him unable to do that job. (Whetzel Dep. pp. 9-11, 18-20[9]).  As an offset for this, Mr. Whetzel has received only one half of the wage increases given to HMER's. (Whetzel Dep. pp. 18-20).

62.  With regard to Defendant's Paragraph 62, this averment is admitted.

63.  With regard to Defendant's Paragraph 63, this averment is admitted.

---

[9]True and correct copies of the relevant portions of the deposition transcript of Donald Whetzel are attached to Plaintiff's Appendix as Exhibit 9.

64. With regard to Defendant's Paragraph 64, this averment is admitted.

65. With regard to Defendant's Paragraph 65, this averment is admitted.

```
                                RESPECTFULLY SUBMITTED,

                                LAW OFFICES OF NEAL A. SANDERS



Dated: April 17, 2006       By: /s/Neal A. Sanders
                                Neal A. Sanders, Esquire
                                PA Id. No. 54618
                                Co-Counsel for Plaintiff,
                                Evelyn McKinley




                            By: /s/ Dirk Beuth
                                Dirk Beuth, Esquire
                                PA Id. No. 76036
                                Co-Counsel for Plaintiff,
                                Evelyn McKinley

                                1924 North Main Street Ext.
                                Butler, PA 16001
                                (724) 282-7771
```