## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN L. McKINLEY, | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | Civil Action No. 04-222 E |
| vs. | : | Hon. Judge Sean J. McLaughlin |
| | : | Hon. Mag. Judge Susan |
| HONORABLE LES BROWNLEE, | : | Paradise Baxter |
| ACTING SECRETARY OF THE ARMY, | : | |
| | : | Electronically Filed |
| Defendant. | : | |

### PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Plaintiff Evelyn McKinley, by and through her undersigned counsel, files the following Statement of Additional Material Facts in support of her Opposition to the Defendant's Motion for Summary Judgment:

1. During the period of October 1998 through February 2000, Plaintiff, although still a HMER, was detailed to perform the duties of supply clerk at ECS 103. (McKinley Dep. pp. 48-49[1]; Whetzel Dep. pp. 16-17[2]; Brumbaugh Dep. pp. 24-26[3]).

2. Plaintiff returned to her HMER duties after training Mr. Whetzel to perform the duties of the supply clerk position, which Mr. Whetzel then took over on a permanent basis. *Id.*

---

[1] True and correct copies of the relevant portions of the deposition transcript of Evelyn McKinley are attached to the Appendix to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Appendix") as Exhibit 2.

[2] True and correct copies of the relevant portions of the deposition transcript of Donald Whetzel are attached to Plaintiff's Appendix as Exhibit 9.

[3] True and correct copies of the relevant portions of the deposition transcript of Charles Brumbaugh are attached to Plaintiff's Appendix as Exhibit 10.

3.  Mr. Whetzel was badly injured in an accident in 1994, which left him unable to work for approximately a year and a half. (Whetzel Dep. p. 10).

4.  When Mr. Whetzel was able to return to work in January 1996, the Defendant offered him the position of Maintenance Administrative Clerk, as he was no longer capable of performing the duties of a HMER. (Whetzel Dep. 9-10; Whetzel Dep. Exh. 1). Plaintiff stated that there was not a vacant Maintenance Administrative Clerk position at this time, but, rather, that Mr. Whetzel was double slotted with the employee who held the position. (McKinley Dep. pp. 95-97).

5.  Mr. Whetzel did not recall whether he was required to fill out applications for the January 1996 Maintenance Administrative Clerk or the February 2000 Supply Clerk positions. (Whetzel Dep. pp. 14-16). However, from the absence of such applications in his personnel file, which was produced during discovery, it does not appear that he did apply for either position.

6.  Plaintiff stated that after her injury she could perform the duties of the positions of supply clerk, supply technician and work order clerk with minimal accommodations. (McKinley Dep. pp. 80-82, 86, 105-107). Plaintiff noted that the accommodation she would require, help with lifting, was generally provided to non-disabled employees who held the job. (McKinley Dep. pp. 85-86).

7. Dr. Gomez, Plaintiff's PCP, after reviewing the job descriptions for the supply technician and supply clerk positions, also stated that Plaintiff could perform the duties of these positions with minimal accommodation. (Gomez Dep. pp. 33-37, 39-40, 48).

8. After she returned to work, which would be the period of November 19, 2001 through May 13, 2002, Plaintiff expressed interest in being permanently reassigned to a supply technician or supply clerk position. (McKinley Dep. pp. 81-83).

9. During the relevant time period, the following vacancies were posted for positions at the ECS 103 facility:[4]

    a.   August 11, 2002, Supply Technician;

    b.   August 11, 2002, Supply Technician;

    c.   August 11, 2002, Material Handler (MVO);

    d.   October 6, 2002, Work Order Clerk;

    e.   October 6, 2002, Supply Clerk;

    f.   September 21, 2003, Supply Technician; and

    g.   September 21, 2003, Material Handler (MVO).

10. From November 19, 2001 on, even after Plaintiff specifically expressed interest in being reassigned to a supply clerk or supply technician position, management level employees at ECS-103 did not inform her of any of the vacancies. (McKinley Dep. pp. 84-85).

---

[4] A true and correct copy of the document entitled "ECS_103 Activity Vacancies" which was provided by the Defendant during discovery is attached to Plaintiff's Appendix as Exhibit 11.

11.   For purposes of VA disability, Plaintiff is considered 50 or 60 percent disabled. (McKinley Dep. pp. 27, 37).

12.   Plaintiff's impairment is permanent in nature. (Gomez Dep. pp. 40, 45).  Specifically, Dr. Gomez stated that Plaintiff could never return to the HMER job and that her restrictions remain unchanged such that she is limited to sedentary work. (Gomez Dep. pp. 28-29, 39-42, 44).

13.   Dr. Gomez stated that Plaintiff cannot safely lift more than 10lbs, walk for long periods of time or sit for long periods of time. (Gomez Dep. pp. 46-47).  Dr. Gomez also noted that her inability to safely lift more than ten pounds would have an impact on her ability to go grocery shopping and perform household chores. (Gomez Dep. p. 69).

14.   When Plaintiff was offered a light duty position in November, 2001, the offer originated at Fort McCoy and not from the local agency.[5]

15.   Similarly, the offer of an alternate position to Mr. Whetzel following his accident came from Fort McCoy. (Whetzel Dep. Exh. 1).

16.   Ms. Green testified that her conversations concerning the availability of an alternate position for Plaintiff were with people at Fort McCoy. (Green Dep. p. 36).

17.   Mr. Fairbanks testified that the decision to terminate

---

[5] A true and correct copy of the November 9, 2001 letter to Plaintiff is attached to Plaintiff's Appendix as Exhibit 12.

Plaintiff's employment was made at Fort McCoy, as removals are a function of Fort McCoy, and he merely signed the paperwork. (Fairbanks Dep. pp. 16, 80-81[6]).

18.  The positions of supply clerk and supply technician are at a lower pay grade than the HMER position. (McKinley Dep. p. 85).

19.  Plaintiff did not attend college and did not have any post-high school vocational training other than what she received in the Army Reserves. (McKinley Dep. pp. 10-11, 29-30).

20.  When Plaintiff was cleared to return to sedentary work in March 2003, the Defendant did not permit Plaintiff to return to work in any capacity. (McKinley Dep. p. 80).

---

[6]True and correct copies of the relevant portions of the deposition transcript of Arnold Fairbanks are attached to Plaintiff's Appendix as Exhibit 3.

```
                                RESPECTFULLY SUBMITTED,

                                LAW OFFICES OF NEAL A. SANDERS


Dated: April 17, 2006       By: /s/Neal A. Sanders
                                Neal A. Sanders, Esquire
                                PA Id. No. 54618
                                Co-Counsel for Plaintiff,
                                Evelyn McKinley



                            By: /s/ Dirk Beuth
                                Dirk Beuth, Esquire
                                PA Id. No. 76036
                                Co-Counsel for Plaintiff,
                                Evelyn McKinley

                                1924 North Main Street Ext.
                                Butler, PA 16001
                                (724) 282-7771
```