```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EVELYN McKINLEY,                 )
                                 )   Civil Action No. 04-222E
         Plaintiff,              )
                                 )   Chief Magistrate Judge
                                 )   Susan Paradise Baxter
         v.                      )
                                 )   Judge Sean McLaughlin
R. L. BROWNLEE, Acting           )
Secretary of the Army,           )   ELECTRONICALLY FILED
                                 )
         Defendant.              )
```

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**STATEMENT OF ADDITIONAL MATERIAL FACTS**

AND NOW, comes the Defendant, R. L. Brownlee, Acting Secretary of the Army, by and through his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, an Assistant United States Attorney for said district, and respectfully responds to Plaintiff's Statement of Additional Material Facts.

As an initial matter, the filing of Additional Material Facts by the non-moving party is improper. Local Rule 56.1 permits the moving party to file a Concise Statement of Material Facts and the opposing party to file a Responsive Concise Statement of Material facts. In that response, the opposing party may admit or deny the facts in order to demonstrate to the Court that summary judgment is not warranted. In the Responsive Concise Statement of Material Facts, the non-moving party may highlight to the Court "in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine

the motion for summary judgment." L.R. 56.1 C.1.(c). However, there is no provision for a non-moving party to put forth additional facts in a separate document requiring a response from the moving party unless, of course, such party files a cross-motion for summary judgment. Accordingly, Plaintiff's Statement of Additional Material Facts should be stricken.

Assuming that Plaintiff's Additional Material Facts are not stricken, Defendant responds as follows:

1. Defendant denies that the averments in paragraph 1 are material to the issues before the Court. These averments are not material because Plaintiff's temporary position as a supply clerk does not qualify her for a permanent assignment to that position because she cannot demonstrate the requisite military reserve affiliation. Def.'s Additional Ex. J at ¶ 4, 5.

2. Defendant denies that the averments in paragraph 2 are material to the issues before the Court. These averments are not material because Plaintiff's alleged instruction of Mr. Whetzel in supply duties has no bearing on the discrimination issues in this case. The main point is that Plaintiff was not qualified to permanently fill the position of supply clerk because she could not meet the reserve affiliation requirement. Def.'s Additional Ex. J at ¶ 4, 5.

3. Defendant denies that the averments in paragraph 3 are material to the issues before the Court. Mr. Whetzel's injury occurred more than seven years prior to Plaintiff's April 2001

injury while he was located in a different job location and under a different supervisor than Plaintiff.  See Def.'s Summary Judgment Br. at 7 (providing citations).  Accordingly, this fact does not demonstrate that Mr. Whetzel is similarly situated.

  4. Defendant denies that the averments in paragraph 4 are material to the issues before the Court.  Mr. Whetzel's job offer in 1996 occurred more than five years prior to Plaintiff's April 2001 injury while he was located in a different job location and under a different supervisor than Plaintiff.  See Def.'s Summary Judgment Br. at 7 (providing citations).  Accordingly, this fact does not demonstrate that Mr. Whetzel is similarly situated.

  5. Defendant denies that the averments in paragraph 5 are material to the issues before the Court.  As stated, Mr. Whetzel's job offers occurred much earlier than Plaintiff's injury while he was located in a different job location and under a different supervisor than Plaintiff.  Accordingly, these facts do not demonstrate that Mr. Whetzel is similarly situated.

  6. Defendant denies that the averments in paragraph 6 are material to the issues before the Court.  Plaintiff could not be permanently assigned to the stated positions because these positions were available pursuant to the Military Technician Program that requires the employee to maintain membership in the Army Reserves.  Def.'s Additional Ex. J at ¶ 4, 5.  Plaintiff was discharged from the Army in 1997 and could not permanently be

assigned to fulfill the duties of this job.  Id.; Def.'s Ex. B at 5.

7.  Defendant denies that the averments in paragraph 7 are material to the issues before the Court.  The job placement opinion of a general physician such as Dr. Gomez who never visited ECS 103 and who did not perform Plaintiff's back surgery is immaterial.  Def.'s Additional Ex. M at 52-54.

8.  Defendant denies the averments in paragraph 8.  Other than Plaintiff's own self-serving testimony, Defendant is not aware of any written record that Plaintiff ever requested permanent assignment to the noted positions.

9.  Defendant admits that the positions noted in paragraph 9 were listed by ECS 103 as open.  By way of further clarification, Defendant also admits that each of these positions were open pursuant to the Military Technician Program which requires affiliation with the Army Reserves in order to qualify for the positions.  Def.'s Additional Ex. J at ¶ 4.

10.  Defendant denies that the averments in paragraph 10 are material to the issues before the Court.  Because Plaintiff was not disabled and because she could not qualify for any open position due to her discharge from the Army Reserves, Defendant was under no obligation to inform her of any vacancies.

11.  Defendant denies that the averments in paragraph 11 are material to the issues before the Court.  Plaintiff's disability

discharge from the Army in 1997 was for a neck injury which is unrelated to Plaintiff's April 2001 back injury which is the subject of her discrimination suit.  Def.'s Ex. A at 37, 51.  Moreover, her discharge document in 1997 indicates that Plaintiff only had a 10-percent disability at that time, and Defendant is not aware of any other document or evidence, aside from Plaintiff's self-serving testimony, that indicates her disability was subsequently raised to 50 or 60 percent.  Def.'s Ex. B at 5.

    12.  Admit that Plaintiff's back injury prohibits her from returning to full duty as an HMER.

    13.  Admit that Plaintiff's medical restrictions prohibited her from lifting items greater than 10 pounds.  Def.'s Ex. B at 15.

    14.  Admit that the November 9, 2001 letter offering Plaintiff a light-duty position was signed by the Personnel Management Specialist at Fort McCoy.  Def.'s Ex. B at 18-19.

    15.  Defendant denies that the averments in paragraph 15 are material to the issues before the Court.  The central focus is whether management at ECS 103 discriminated against Plaintiff, not the location of letters signed by personnel specialists.

    16.  Admit that Nurse Green discussed the availability of permanent positions for Plaintiff with Fort McCoy.  Further admit that when Nurse Green closed her case file, no permanent positions for Plaintiff were available.  Def.'s Additional Ex. L at 36.

17. Defendant denies that the averments in paragraph 17 are material to the issues before the Court. The location of where certain personnel letters are drafted is immaterial. Moreover, Mr. Fairbanks merely indicated that Fort McCoy drafts the termination letter for his signature, not that Fort McCoy was solely responsible for the termination decision as Plaintiff seems to imply. Fairbanks Depo. at 80-81.

18. Defendant denies that the averments in paragraph 18 are material to the issues before the Court. Again, Plaintiff could not qualify for said positions because she was not a member of the Army Reserves.

19. Defendant denies that the averments in paragraph 19 are material to the issues before the Court. Plaintiff's education level was not a reason for her termination or failure to assign her to another position.

20. Defendant denies the averments in paragraph 20 as stated. In March 2003, Defendant did not have an available position for Plaintiff. Def.'s Ex. B at 44, ¶ 2.c.

                                      Respectfully submitted,

                                      MARY BETH BUCHANAN
                                      United States Attorney

| Of Counsel: | s/Paul D. Kovac |
|---|---|
| Major Kwasi Hawks | PAUL D. KOVAC |
| U.S. Army | Assistant U.S. Attorney |
| Litigation Attorney | 700 Grant Street, Suite 4000 |
| | Pittsburgh, PA 15219 |
| | (412) 894-7489 |
| Dated: May 1, 2006 | Counsel for Defendant |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2006, I electronically filed and/or served by first-class U.S. mail a copy of Defendant's Response to Plaintiff's Statement of Additional Material Facts upon the following:

>Neal A. Sanders, Esquire
>Counsel for Plaintiff
>Law Office of Neal Alan Sanders
>1924 North Main Street Extension
>Butler, PA 16001

>s/Paul D. Kovac
>PAUL D. KOVAC
>Assistant U.S. Attorney